IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**SCOTT DOUGLAS,**

    **Petitioner,**

**v.**                                                       **CIVIL ACTION NO. 5:03-0113**

**TROY WILLIAMSON,**
**WARDEN, F.C.I. BECKLEY,**

    **Respondent.**

## ORDER

By Standing Order entered on May 20, 2002, and filed in this case on February 12, 2003, this matter was referred to United States Magistrate Judge R. Clarke VanDervort. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter. Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation on September 15, 2005, and proposed that this court (1) confirm and accept the Magistrate Judge's findings contained within his Proposed Findings and Recommendation, (2) dismiss petitioner's application (Doc. No. 1) with prejudice, and (3) direct the Clerk to remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation. The failure of any party to file

objections within the appropriate time frame constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). No objections were filed in this case.

    Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court (1) **CONFIRMS** and **ACCEPTS** the factual and legal analysis within the magistrate judge's Proposed Findings and Recommendation, and (2) **DISMISSES** petitioner's Application (Docket No. 1) with prejudice.

    The Clerk is **DIRECTED** to remove this action from the active docket of this court. The Clerk is further directed to forward a certified copy of this Order to all counsel of record and the plaintiff, pro se.

    IT IS SO ORDERED this 11th day of October, 2005.

                               ENTER:

                               David A. Faber
                               Chief Judge